The document below is hereby signed.  Dated: May 11, 2011.



S. Martin Teel, Jr.
U. S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 09-00913 |
| LONG RAP, INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LONG RAP, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 11-10005 |
| FACTOR 10 LLC, *et al.*, | ) | |
| | ) | Not for Publication in |
| Defendants. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION OF
DEFENDANTS YUSSUFF, THOMPSON AND STELLO FOR SUMMARY JUDGMENT

    Three of the defendants in this adversary proceeding (Yussuff, Thompson, and Stello) have sought summary judgment on the basis that they were not directors (a capacity in which they were sued).  One of these defendants was sued also as an officer, but the motion does not address his liability as an officer, and I will treat the motion as only directed to liability as directors.

I

One of the oppositions to the motion attaches two Unanimous Written Consents relating to the debtor.  One is signed by shareholders and appoints the three defendants and others as directors.  The other purports to have been signed by the "Board of Directors" with these defendants' signatures (and signatures of others) appearing under that designation.  These documents (if treated as admissible) would suffice to create a genuine issue of fact as to whether the defendants were directors.[1]

At the hearing on the motion, the defendants objected that the Unanimous Consent documents attached to the opposition were not supported by any affidavit authenticating their genuineness, and that the debtor should have been able to do so.  That procedure is contemplated by Fed. R. Bankr. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.")  Even if the plaintiffs cannot presently provide an affidavit authenticating those exhibits, this proceeding is at a

---

[1] The defendants admit, moreover, that they did sign certain papers without reading them.  These defendants have not briefed whether as a matter of law they could not be held to be directors if all they did was sign documents they were asked to sign without reading them.  Their undeveloped argument appears to be that they cannot be held to be directors if they were not really functioning as such even if they signed papers that treated them as directors.  Even if such an argument could succeed if supported by the facts, the plaintiffs are entitled to take discovery regarding these assertions of fact.

2

very early stage, the complaint having been served on these defendants only 46 days before the filing of the motion for summary judgment, and a scheduling order has not yet issued setting a deadline for discovery.  It would be inappropriate at this stage to sustain these defendants' objection to the Unanimous Consent documents when they have not established that the plaintiffs will be unable to authenticate those documents.[2]

The plaintiffs have not filed an affidavit under Fed. R. Civ. P. 56(d) (formerly Fed. R. Civ. P. 56(f)) asserting that they need time to conduct discovery.  Nevertheless, the court is given discretion under Fed. R. Civ. P. 56(e)(1) to give the plaintiffs  "an opportunity to properly . . . address the fact" established by the defendants' affidavits.  Moreover, the trustee in the bankruptcy case is being joined as a plaintiff, and he has not been given an opportunity to explore the availability of evidence to support the claims in this adversary proceeding.  If after a reasonable opportunity to gather evidence of the authenticity of the Unanimous Consent documents, the plaintiffs are still unable to authenticate the documents, or to produce other evidence creating a genuine issue of fact, these defendants

---

[2] Due to the failure of certain defendants to make good on their promise to provide funding that is an ingredient of the facts underlying the claims in this adversary proceeding, the debtor was forced to liquidate instead of continuing to operate, and has later reduced its staff to one or only a few persons.  At hearings in the main case there has been evidence that this resulted in disruptions in the debtor's maintenance of records.

may renew their motion for summary judgment by establishing the existence of such inability.

## II

Denial based on prematurity of the motion is also appropriate with respect to the motion's assertion that summary judgment is appropriate based on judicial estoppel (the argument being that if these defendants *were* directors, their consent to the filing of the debtor's bankruptcy petition was necessary and was never given despite the representation that there was unanimous consent).  The plaintiffs are entitled at this early stage to take discovery on the issue of director consent to the filing of the petition if that could be a dispositive issue.

Moreover, although the issue has not been briefed at length, I have serious doubts that judicial estoppel would be an available defense.  A trustee has been appointed in the bankruptcy case, and he will be joined as a plaintiff in this adversary proceeding.  Judicial estoppel likely does not apply to the trustee who was not a party to any representations to the court (but the parties have not briefed that issue).

Even if judicial estoppel could be invoked against the trustee, judicial estoppel cannot be invoked at this juncture to set aside the bankruptcy case and to throw out this adversary proceeding in the process.  The bankruptcy case has resulted in a confirmed plan that is binding on all creditors and equity

interest holders under 11 U.S.C. § 1141(a).  Those entities were the parties with an interest in the bankruptcy estate that arose upon the filing of the petition, and none of them have objected to the bona fides of the petition.  It is too late to set aside the bankruptcy petition.

    Even if the contention is that it is only this adversary proceeding that should be dismissed based on the debtor taking inconsistent positions, I have doubts that judicial estoppel would be available.  The representation that *all* directors had unanimously consented to the petition (which did not include these defendants because, according to their affidavits, they did not participate in the decision), that is evidence suggesting that they were *not* directors, but that could be overcome by evidence to the contrary.  If, indeed, they *were* directors, they could have taken steps to advise the court that they had *not* consented to the filing of the petition.  If so, it would not seem appropriate for them to escape liability when they remained silent, even if the alleged misrepresentation were of the type that could otherwise give rise to judicial estoppel.  At this juncture, these defendants have not established that the adversary proceeding should be dismissed as to them as directors based on judicial estoppel.  The issue has not been briefed extensively, and may be raised anew, if appropriate, after further development of the facts.

III

It is thus

ORDERED that the Motion of Defendants Yussuff, Thompson and Stello for Summary Judgment (Dkt. No. 15) is denied without prejudice to renewal.

[Signed and dated above.]

Copies to: All counsel of record.